Concurring opinion of
Justice BENALLY.
While I concur in the result reached in the majority opinion, I object to the majority’s use of Navajo Fundamental Law to create a preference based on gender in grazing cases. The majority has used language within its opinion that has elevated consideration of a person’s gender to a degree to make the factors used in Begay v. Keedah, to be irrelevant. 6 Nav. R. 416, 421 (Nav.Sup.Ct.1991). Certainly, Navajo traditional law considers clan and maintaining a clan’s rights to property must be preserved. I do not dispute that Navajo society is both matrilineal and matrilocal. However, the majority’s focus on gender conflicts with the Navajo Bill of Rights prohibition against denying rights based on the account of sex. 1 N.N.C. § 3 (2005). Under 7 N.N.C. § 204 (2005), Navajo Fundamental Law is to be is used to interpret statutory law not to evade the operation of the law. Certainly, the Navajo Nation Bill of Rights must be considered prior to elevating gender to be the dispositive factor in awarding a grazing permit. Moreover, I find that nothing in the record supports the decision that experts in Navajo Fundamental Law would require the decision by the majority to use gender as the dispositive factor. I would affirm the continued use of the Begay v. Keedah factors. 6 Nav. R. at 421. Additionally, I support considering requirements imposed by the BIA to avoid imposing conflicting requirements on putative permit holders.
*539 For the majority’s opinion to be consistent with Begay v. Keedah, one has to assume that a woman is automatically going to use the grazing permit “wisely and well”. See Id. at 421. Under the gender preference of the majority’s opinion a male that had extensive grazing experience would lose to a female that may not have any experience with managing grazing. Neither a female nor male gender assures the beneficial use of land. Thus, I cannot support the majority’s altering of the delicate balance of factors so wisely developed in Begay v. Keedah.